UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL ZEISS MEDITEC, INC.,

               Plaintiff,

       v.

INSIGHT PHOTONICS SOLUTIONS, INC.,

               Defendant.

Case No.  7:20-cv-07667-NSR-JCM

## STIPULATED PROTECTIVE ORDER

WHEREAS, certain information and documents may be sought, produced, or exhibited by and among the parties to the above-captioned action (the "Action"), or by third parties in connection with the Action, which may include trade secrets, proprietary business information, competitively sensitive information, or personal financial information;

WHEREAS, a protective order would facilitate the production, exchange, and discovery of documents, testimony, and information in connection with the Action while preserving the parties' respective positions as to whether or not particular documents, testimony, or information merit confidential treatment; and

WHEREAS, this matter has come before the Court, by stipulation of the parties, for the entry of a protective order limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents, testimony, and information to be produced by any party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below;

NOW, THEREFORE, IT IS hereby ORDERED that:

1.      This Stipulated Protective Order ("Protective Order") shall govern the handling of

documents and all other information produced by or between the parties to the Action or by third parties in connection with the Action, including all documents and information produced pursuant to interrogatories, depositions, requests for production of documents, subpoenas, requests for admissions, or other requests for disclosures (whether formal or informal), and all information provided, submitted, or exhibited by the parties hereto or third parties in connection with any evidentiary hearings or other proceedings conducted during the course of the Action.

2.      As used herein:

a.      "Confidential Information" shall mean all documents, testimony, and information designated as "Confidential" or "Highly Confidential" by any party pursuant to the terms of this Protective Order, including the contents and all copies, excerpts, extracts, and summaries of such documents, testimony, and information, provided that such designation has not been successfully challenged and finally revoked pursuant to Paragraph 10 hereof.

b.      "Producing Party" shall mean any party producing Confidential Information in connection with depositions, document production, or otherwise, or the party asserting the confidentiality privilege, as the case may be.

c.      "Receiving Party" shall mean any party receiving Confidential Information in connection with depositions, document production, or otherwise, as the case may be.

d.      "Qualified Person" shall mean any person authorized to receive or review Confidential Information, be it Confidential or Highly Confidential, pursuant to Paragraphs 5 and 6 hereof, respectively.

3.      Any party, subpoenaed non-party, or other third party whose information may be

disclosed in connection with this Action may designate documents produced, testimony given, or other information exchanged in connection with this Action as "Confidential" or "Highly Confidential" either by notation on the document, statement on the record of the deposition, designation pursuant to Paragraphs 8 or 11 hereof, or written advice to the respective undersigned counsel for the parties hereto.  Electronic documents and information, if any, shall be designated as "Confidential" or "Highly Confidential" by any of the foregoing methods or pursuant to a procedure to be agreed upon by the parties.

4. All Confidential Information shall be used solely for the purpose of this Action, and no person receiving such Confidential Information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the Confidential Information to any person other than Qualified Persons.  Any other use or disclosure is prohibited.

5. Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information designated as "Confidential" shall not be furnished, shown or disclosed to any person or entity except to:

    a. The parties that have appeared in this Action, including employees of such parties who are assisting in this Action;

    b. In-house and outside counsel for the parties to this Action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action for trial or other proceeding herein, and are under the supervision or control of such counsel;

    c. Copying, imaging, computer services, and/or litigation support services who are bound to protect Confidential Information either by their services contract with counsel or the Receiving Party or by execution of the Confidentiality Agreement

-3-

attached hereto as Exhibit A;

d.  Persons whom counsel of record for a party believes (i) are likely to be called to give testimony, through deposition, affidavit, or at trial, on matters relating to Confidential Information, or (ii) possess information reasonably necessary and relevant for the prosecution or defense of the Action; provided, however, that such information is furnished, shown, or disclosed in accordance with Paragraph 7 hereof;

e.  Expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert opinions, services, or assistance in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown, or disclosed in accordance with Paragraph 7 hereof;

f.  The Court and Court personnel, provided that the Confidential Information is filed in accordance with Paragraph 12 hereof or otherwise disclosed in accordance with Paragraph 13 hereof;

g.  An officer before whom a deposition is taken, including stenographic reporters and videographers and any necessary secretarial, clerical, or other personnel of such officer, provided that the Confidential Information is furnished, shown, or disclosed in accordance with Paragraph 14 hereof;

h.  Trial and deposition witnesses, provided that the Confidential Information is furnished, shown, or disclosed in accordance with Paragraphs 13 and 14, respectively, hereof; and

       i.   Any other person agreed to by the parties or pursuant to Court Order.

    6.    Confidential Information may be designated as "Highly Confidential" to the extent that it contains commercially and/or competitively sensitive communications and data not otherwise available except to the Producing Party.  Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information designated as "Highly Confidential" shall not be furnished, shown, or disclosed to any person or entity except to:

    a.   In-house and outside counsel for the parties to this Action and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Action for trial or other proceeding herein, and are under the supervision or control of such counsel;

    b.   Igor Koruga, Director of Engineering at Plaintiff Carl Zeiss Meditec, Inc. ("Zeiss"), and Jason Ensher, Executive Vice President and Chief Technology Officer at Defendant Insight Photonics Solutions, Inc. ("Insight") (together, the "Designated Persons"). Prior to any Confidential Information designated as "Highly Confidential" being furnished, shown, or disclosed to either of the Designated Persons, such Designated Person shall execute a written attestation, in the form attached hereto as Exhibit B, that they will use Highly Confidential information solely in the litigation and warrants they will not use the information for any other purpose, including in connection with their respective businesses. Confidential Information shall be shared with Designated Persons solely for the purpose of assisting counsel in the preparation of this Action for trial or other proceedings herein.

    c.   Copying, imaging, computer services, and/or litigation support services who are

bound to protect Confidential Information either by their services contract with counsel or the Receiving Party or by execution of the Confidentiality Agreement attached hereto as Exhibit A;

d.  Expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert opinions, services, or assistance in connection with this Action or to give testimony with respect to the subject matter of this Action at the trial of this Action or other proceeding herein; provided, however, that such Confidential Information is furnished, shown, or disclosed in accordance with Paragraph 7 hereof;

e.  The Court and Court personnel, provided that the Confidential Information is filed in accordance with Paragraph 12 hereof or otherwise disclosed in accordance with Paragraph 13 hereof;

f.  An officer before whom a deposition is taken, including stenographic reporters and videographers and any necessary secretarial, clerical, or other personnel of such officer, provided that the Confidential Information is furnished, shown or disclosed in accordance with Paragraph 14 hereof;

g.  Trial and deposition witnesses, if it appears that the witness authored or received a copy of it, or if the Producing Party consents to such disclosure, provided that the Confidential Information is furnished, shown or disclosed in accordance with Paragraphs 13 and 14, respectively, hereof; and

h.  Any other person agreed to by the parties or pursuant to Court Order.

7.     Before any disclosure of Confidential Information is made to any person pursuant to Paragraphs 5(d), 5(e) or 6(d), such person must execute a Confidentiality Agreement in the

form of Exhibit A attached hereto. Counsel shall maintain the executed confidentiality agreements required by this Protective Order. Counsel for the party obtaining the executed Exhibit A from such persons shall supply a copy to counsel for the other party(ies) at the time of the disclosure of such persons.

8.      Any inadvertent production of any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its confidential nature may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential" or "Highly Confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.  Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and obtain confirmation in writing that such person or persons that they will not use the information or documents for any purpose other than this Action.

9.      Any inadvertent production of any privileged or work product material will not result in or be construed as a waiver, in whole or in part, of (a) the Producing Party's claims of privilege or work product either as to the specific information inadvertently disclosed or more generally as to the subject matter of the information disclosed, or (b) the Producing Party's right to designate the material as "Confidential" or "Highly Confidential" pursuant to this Protective Order. In the event of inadvertent production of privileged or work product material, upon notice of such disclosure, all originals and copies thereof shall be immediately returned to the Producing Party, and such returned material shall be deleted from any litigation support or other database.  If the inadvertently produced material was produced on production media that also

contained properly produced documents, the Producing Party shall produce replacement production media containing all properly produced documents prior to the deletion or return of any inadvertently produced document (such that the Receiving Party will have a copy of all documents previously and properly produced).  All notes or other work product reflecting the contents of such inadvertently disclosed Confidential Information shall be destroyed. This provision is intended to, and shall, provide the parties with the fullest protections available under Federal Rule of Evidence 502(d).

10.     With respect to objections to designations of documents and information as "Confidential" or "Highly Confidential," a party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this Action disagrees at any stage of these proceedings with the designation by a Producing Party of any information as "Confidential" or "Highly Confidential," or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party that disagrees with the designation may seek appropriate relief from the Court.  Pending the resolution of such motion by the Court and any subsequent appeal therefrom, the parties agree to treat the information that is the subject of the motion in accordance with the Producing Party's designation.

11.     All depositions, the information disclosed therein, and the transcripts thereof shall presumptively be treated as Confidential Information and subject to this Protective Order during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the parties.  At or before the end of such thirty-day period, the deposition shall be classified appropriately by notifying all of the parties in writing of the

specific pages and lines of the transcript which should thereafter be treated as Confidential Information.

12.     A Receiving Party that seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as comprising or containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall follow the procedures of this Court for filing documents under seal so as to prevent the disclosure of Confidential Information to persons other than Qualified Persons.

13.     Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

14.     Any court reporter and deposition witness who is not otherwise a Qualified Person and who will be given access to Confidential Information shall, prior thereto, be provided with a copy of this Protective Order and counsel shall make reasonable effort to have such person execute a Confidentiality Agreement in the form of Exhibit A attached hereto. Counsel for the party obtaining the executed Exhibit A shall supply a copy to counsel for the other party.  Alternatively, counsel for the parties may agree that Confidential Information is adequately protected by such person's existing obligations to maintain the confidentiality of such information.  Nothing herein, however, shall prevent any counsel of record from utilizing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the Confidential

Information, irrespective of which party produced such information.

15.    A party may designate as Confidential Information subject to this Protective Order any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof, where such information has not already been designated as Confidential by the non-party.

16.    The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this Action or in any other action.

17.    In the event that the Receiving Party is requested or required (by oral questions, interrogatories, requests for information or documents in a legal proceeding, subpoena, civil investigative demand, other similar process, or rule of law) to disclose any Confidential Information in another action or proceeding, the Receiving Party shall provide the Producing Party with prompt written notice of any such request or requirement so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Protective Order; provided, however, that nothing in this Protective Order shall be interpreted to obligate the Receiving Party to seek such a protective order or other remedy. Unless the Producing Party waives the protections of this Protective Order, the Receiving Party will not disclose any Confidential Information except pursuant to the order of a court of competent jurisdiction directing the disclosure of such Confidential Information.

18.    In the event anyone shall violate or threaten to violate any terms of this Protective Order, the aggrieved party may immediately apply to the Court to obtain relief, including, without limitation, injunctive relief against such person.  The existence, if any, of an adequate remedy at law shall not preclude the applying party from obtaining such relief.

19.     This Protective Order shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are publicly filed or used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of any provision of the Protective Order. The provisions of this Protective Order shall, absent prior written consent of both parties, continue to be binding after the conclusion of this Action.

20.     Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

21.     Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party.  In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents by way of shredding or other means to be agreed by the parties, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain all pleadings, motion papers, discovery responses, deposition transcripts, deposition and trial exhibits, legal memoranda, correspondence, work product, and attorney-client communications that include or are derived from Confidential Information.  This Protective Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of

professional responsibility.  Nothing in this Protective Order shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

22.    This Protective Order is entered into without prejudice to the right of either party to seek relief from, or modification of, this Protective Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under applicable law.

23.    This Protective Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated: June 9, 2021                           Dated: June 9, 2021


DORSEY & WHITNEY LLP                    SHOEMAKER GHISELLI + SCHWARTZ
                                       LLC


By: */s/ Daniel P. Goldberger*____     By: */s/ Cynthia Mitchell*_____
     Daniel P. Goldberger                   Cynthia Mitchell
     Kaleb McNeely                          Paul H. Schwartz
     51 West 52nd Street                    1811 Pearl Street
     New York, New York 10019              Boulder, Colorado 80302
     (212) 415-9200                         (303) 530-3452
     goldberger.dan@dorsey.com              cmitchell@sgslitigation.com
     mcneely.kaleb@dorsey.com               pschwartz@sgslitigation.com

     *Attorneys for Plaintiff*          CARTER LEDYARD & MILBURN LLP
     *Carl Zeiss Meditec, Inc.*
                                            Michael H. Bauscher
                                            2 Wall Street
                                            New York, New York 10005
                                            (212) 732-3200
                                            bauscher@clm.com

                                            *Attorneys for Defendant*
                                            *Insight Photonics Solutions, Inc.*


Order dated:  June 10, 2021


                              SO ORDERED:


                              _Judith C. McCarthy_____
                              JUDITH  C. McCARTHY
                               United States Magistrate Judge

-13-

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL ZEISS MEDITEC, INC.,

          Plaintiff,

     v.

INSIGHT PHOTONICS SOLUTIONS, INC.,

       Defendant.

Case No.  7:20-cv-07667-NSR-JCM

**CONFIDENTIALITY AGREEMENT**

I, _____, state that:

1.    My address is_____.

2.    My present employer is _____.

3.    My present occupation or job description is _____

_____.

4.    I have received a copy of the Stipulated Protective Order (the "**Protective Order**")

entered in the above-entitled action.

5.    I have carefully read and understand the provisions of the Protective Order.

6.    I will comply with all of the provisions of the Protective Order.

7.    I will hold in confidence, will not disclose to anyone not qualified under the Protective

Order, and will use only for purposes of this action, any Confidential Information that is

disclosed to me.

8.    I will return all Confidential Information that comes into my possession, and documents

14

or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.       I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Protective Order in this action.


Executed on _____                    _____
                        (Date)                                                              (Signature)

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL ZEISS MEDITEC, INC.,

          Plaintiff,

     v.

INSIGHT PHOTONICS SOLUTIONS, INC.,

         Defendant.

Case No.  7:20-cv-07667-NSR-JCM

**DESIGNATED PERSON ATTESTATION**

I, _____, state that:

1.    My address is_____.

2.    My present employer is _____.

3.    My present occupation or job description is _____

_____.

4.    I have received a copy of the Stipulated Protective Order (the "**Protective Order**")

entered in the above-entitled action.

5.    I have carefully read and understand the provisions of the Protective Order.

6.    I will comply with all of the provisions of the Protective Order.

7.    I will hold in confidence, will not disclose to anyone not qualified under the Protective

Order, and will use only for purposes of this action, any Confidential Information that is

disclosed to me.

8.    I will return all Confidential Information that comes into my possession, and documents

16

or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.      I will use Highly Confidential information solely in the litigation and will not use such information for any other purpose, including in connection with my or my employer's business.

10.     I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                     (Date)                                              (Signature)

17