

MEMO ENDORSED

KALEB MCNEELY
Partner
(212) 415-9365
mcneely.kaleb@dorsey.com

February 9, 2023

**BY ECF**

Honorable Nelson Stephen Román
United States Courthouse
300 Quarropas Street
White Plains, NY 10601

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 14, 2023
```

    Re:    *Carl Zeiss Meditec, Inc. v. Insight Photonic Solutions, Inc.*,
            Case No. 7:20-cv-07667(NSR)(JCM)

Dear Judge Román:

    My firm represents Plaintiff Carl Zeiss Meditec, Inc. ("Zeiss") in the above-referenced action. We write to respectfully request permission for the parties to file under seal certain confidential exhibits (the "Confidential Exhibits") attached to declarations in support of Defendant's Insight Photonic Solutions, Inc.'s ("Insight") motion for summary judgment (the "MSJ") and in support of Zeiss's opposition to the MSJ.

    Specifically, the Confidential Exhibits[1] include:

1. Exhibit 5 to the Declaration of Daniel P. Goldberger in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment (the "Goldberger Declaration");

2. Exhibit 12 to the Goldberger Declaration;

3. Exhibit 20 to the Goldberger Declaration;

4. Exhibit 21 to the Goldberger Declaration;

5. Exhibit 28 to the Goldberger Declaration;

6. Exhibit F to the Declaration of Paul H. Schwartz in Support of Defendant's Motion for Summary Judgement (the "Schwartz Declaration");

7. Exhibit G to the Schwartz Declaration;

---

[1] Pursuant to Your Honor's Individual Rules and the Court's Memorandum Endorsement (ECF 58), two physical courtesy copies of all of Insight's moving papers and all of Zeiss's oppositions papers, including all of the Confidential Exhibits, were previously delivered to Chambers.



February 9, 2023
Page 2

    8.   Exhibit I to the Schwartz Declaration; and

    9.   Exhibit J to the Schwartz Declaration.

This Court has recognized that a party's interest in safeguarding highly proprietary material, the disclosure of which could expose the party to competitive harm, is sufficient to overcome the presumption of public access.  *See Leonard v. John Hancock Life Ins. Co.*, Civil Action No. 18-cv-4994-AKH, 2021 U.S. Dist. LEXIS 102680, at *8-9 (S.D.N.Y. May 26, 2021); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal exhibits to motion for preliminary injunction that "contain[ed] highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

Here, the Confidential Exhibits contain highly confidential, competitively sensitive, and proprietary information regarding Zeiss's business and technology development plans, the public disclosure of which would be likely to cause prejudice to Zeiss by exposing it to competitive harm.

While the parties have filed a total of 50 exhibits in connection with the MSJ (not including exhibits to be filed with Insight's Reply), Zeiss only seeks to file under seal a total of nine exhibits.  In addition, information regarding Insight's MSJ is publicly available from the parties' briefs in support of and in opposition to the MSJ.  Accordingly, no public interest is served by failing to seal these documents.

We thank the Court for its consideration of this request.

Respectfully submitted,

DORSEY & WHITNEY LLP

*/s/ Kaleb McNeely*
Kaleb McNeely

The Court GRANTS Plaintiff's request to file the documents indicated herein under seal.

The Court respectfully directs the Clerk of the Court to place ECF Nos. 64-6, 64-7, 64-9, 64-10, 70-5, 70-12, 70-20, 70-21, and 70-28 under seal, accessible only to the Court and the parties to the case.

The Clerk of the Court is kindly directed to terminate the motion at ECF No. 59.

Dated: April 14, 2023
       White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE